IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| **Frank Priest,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 1:08cv98 (GBL/TCB) |
| | ) | |
| **Darnley Hodge, Sr., et al.,** | ) | |
|     **Defendants.** | ) | |

MEMORANDUM OPINION

Frank Priest, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, against Riverside Regional Jail ("Riverside") Superintendent Darnley Hodge, Sr. and Riverside accounting technician "Ms. Beach." After review of plaintiff's complaint, the claims against these defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

I.

On or about November 11, 2007, plaintiff, then apparently a pre-trial detainee, was transferred from the Chesterfield County, Virginia Police Department to Riverside in Hopewell,

---

[1] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

Virginia. Compl. 1. Plaintiff alleges that on three separate occasions in November and December of 2007, defendant "Ms. Beach," Riverside's accounting technician "placed" his inmate account in "the negative" or "froze" the account. Compl. 2-3. Specifically, plaintiff asserts that he has received into his account "outside" funds in the form of money orders, see Ex. A, but that defendant Beach "took" a portion of these funds to defray the costs of his room and board, pursuant to Va. Code § 53.1-131.3.[2] He claims these funds were taken without due process of law, that the "freezing" of his account and the "placement" of his account in "negative, debtor" status violates his right under the Eighth Amendment to be free from cruel and unusual punishment, and that such placement violates the Ex Post Facto Clause of the Constitution. He claims further that defendant Hodge, Riverside's Superintendent, who has "command" of defendant Beach, violated his due process rights by "allowing these actions," which plaintiff describes as "arbitrary and capricious." Finally, liberally construed, plaintiff appears to allege that he was denied equal protection of the laws because inmates in the "4-C Inmate Workforce" housing pod do not have to pay one-dollar-per day fee for room and board. Compl. 5.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C.

---

[2] The statute provides, in pertinent part, that:

> Any ... jail superintendent may establish a program to charge inmates a reasonable fee, not to exceed $1 per day, to defray the costs associated with the prisoner's keep .... Such funds shall be retained in the locality where the funds are collected and shall be used for general jail purposes.

Va. Code. § 53.1-131.3.

2

§ 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D.Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when it fails to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, — U.S.—, 127 S.Ct. 1955, 1974 (2007).

## III.

Plaintiff fails to state a due process claim concerning the monies in his inmate account. The Due Process Clause of the Fourteenth Amendment provides that states are prohibited from depriving persons of property without "due process of law." Waters v. Bass, 304 F.Supp.2d 802, 811 (E.D.Va. 2004) (quoting Dusenbery v. United States, 534 U.S. 161, 167 (2002)). To receive procedural due process, plaintiff's interests must "fall within the scope of 'life, liberty or property.'" Id. (quoting Hewitt v. Helms, 459 U.S. 460, 466 (1983)). In some instances, the taking of property by a state requires pre-deprivation notice and a hearing, but where it is impractical to provide a meaningful hearing prior to an alleged deprivation, due process is satisfied when some meaningful post-deprivation procedure exists to assess the propriety of the state's action. See id. However, noting that "due process is flexible and calls for such procedural protections as the situation demands in order to minimize the risk of error, "this Court has held that procedural due process is satisfied where prison grievance procedures are available to evaluate a plaintiff's challenge to the withdrawal from his account of a daily room and board fee. See id.

Without further explanation, plaintiff claims that funds were taken from his account that and that his account was "frozen" without due process. Although plaintiff certainly had a property interest in the funds in his jail account, Riverside was not required to afford plaintiff a post-

3

deprivation hearing after charging plaintiff the daily room and board fee pursuant to Va. Code § 53.1-131.3 and deducting monies from his account to satisfy any negative balance incurred as a result of those charges. Further, there is no claim in the complaint that Riverside did not make available to plaintiff jail grievance procedures through which he could address his concerns about the withdrawals of monies from his account. As such, he has failed to state a procedural due process claim and this claim will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

Next, plaintiff claims that the "freezing" of his inmate account and the "placement" of the account in a "negative" or "debtor" status violated his Eighth Amendment rights. Specifically, plaintiff claims that it was cruel and unusual punishment for Riverside to make continued deductions when he was not able to pay the room and board fee, resulting in his indebtedness to Riverside. Further, plaintiff asserts that it was cruel and unusual punishment for Riverside to deduct ten percent of the monies that did come into his account by way of money order to satisfy the debt accumulated by the room and board charges.

As it appears that plaintiff was a pre-trial detainee during the time of the events about which he complains, this claim is governed by the Due Process Clause of the Fourteenth Amendment. It is well-established, however, that the due process rights of a pre-trial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner. See Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 250 (4th Cir. 2005). While a convicted prisoner is entitled to protection against punishments that are "cruel and unusual," the pre-trial detainee, "who has yet to be adjudicated guilty to any crime, may not be subjected to any form of 'punishment.'" Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988) (emphasis in original). However, although pre-trial

detainees have a right to be free from punishment, "clearly not every inconvenience encountered during pretrial detention amounts to punishment in the constitutional sense." Slade, 407 F.3d at 250 (citing Martin, 849 F.2d at 870). Plaintiff's claim that the imposition of the daily room and board fee violates his right under the Fourteenth Amendment to be free from punishments is foreclosed by the Fourth Circuit's decision in Slade v. Hampton Roads Regional Jail, in which that Court determined that Va. Code § 53.1-131.3 expresses no punitive intent. Id. at 251-52. Noting instead that the statute asserted the "alternative legitimate" government interest in defraying the costs associated with prisoners' keep, the Fourth Circuit held that assessment of the daily room and board charge of one dollar did not amount to the unconstitutional punishment of pre-trial detainees. Id. at 252. Therefore, the imposition of the daily charge against plaintiff's inmate account and the deduction by defendant Beach of available monies to satisfy this charge did not violate plaintiff's right under the Fourteenth Amendment to be free from the imposition of punishments, and this claim will be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).[3]

Next, plaintiff claims that the imposition of the daily fee violates the Ex Post Facto Clause of the Constitution. The Ex Post Facto Clause of Article I of the Constitution prohibits the retroactive punishment of people for acts committed prior to the date on which those acts became illegal. U.S. Const., art. I, § 9, cl. 3. As incorporated by the Fourteenth Amendment, the clause prohibits a State from charging a defendant with a crime that was not illegal at the time of its commission, aggravating a crime committed prior to the enactment of the law, increasing the

---

[3] Moreover, even if plaintiff was a convicted prisoner during the time of the events about which he complains, this claim would still be subject to dismissal for failure to state an Eighth Amendment claim because assessment of the daily room and board fee of one dollar does not constitute punishment of any kind, much less "cruel and unusual" punishment.

5

punishment for a crime after it is has been committed or changing the rules of evidence with respect to a crime already committed. Calder v. Bull, 3 Dall. 386, 3 U.S. 386, 391 (1798); see, e.g., Watts v. Johnson, No. 7:07cv323, 2007 WL 2110341, at * 2 (W.D.Va. July. 18, 2007). However, as the Supreme Court has held, the prohibitions of the Ex Post Facto Clause apply only to "penal statutes which disadvantage the offender affected by them." Collins v. Youngblood, 497 U.S. 37, 41 (1990) (citing Calder, 3 U.S. at 390-92). Because, as discussed above, the Fourth Circuit has held that the imposition of the daily room and board charge of one dollar does not amount to the imposition of a "punishment or fine," Slade, 407 F.3d at 251-52, plaintiff's allegations fail to state a claim of an Ex Post Facto violation and will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

Liberally construed, plaintiff also appears to claim that defendant Hodge, Riverside's Superintendent, whom plaintiff asserts has "command" of defendant Beach, violated plaintiff's constitutional rights because he allowed Beach to assess the daily room and board charge against his inmate account and to deduct available funds from the account to satisfy the debt incurred by the charges. Under certain circumstances, supervisory officials may be held liable for the constitutional injuries inflicted by their subordinates. See Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984). Such liability, however, "is not premised on [a theory of] respondeat superior, but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Id. (citations omitted). It is plaintiff who bears the heavy burden of alleging facts sufficient to show that the supervisor was "deliberately indifferent to or tacitly authorized practices amounting to 'a pervasive and unreasonable risk of harm from some specified source[.]'" McNeal v. Harper, 816 F.Supp. 421,

423 (E.D.Va. 1993) (quoting Slakan, 737 F.2d at 373). Plaintiff utterly fails to meet this burden. As discussed, defendant Beach's alleged actions with respect to plaintiff's inmate account did not violate plaintiff's constitutional rights. Accordingly, plaintiff's allegation that defendant Hodge allowed Beach to act in the manner she did fails to state a § 1983 claim. Moreover, there is nothing else in the complaint that suggests that defendant Hodge was indifferent to or tacitly authorized his subordinates in their infliction of any constitutional injuries on plaintiff. As such, this claim will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a § 1983 claim.

Additionally, liberally construed, plaintiff appears to allege that he was denied equal protection of the laws because inmates in the "4-C Inmate Workforce" housing unit are not required to pay the daily room and board fee of one dollar. The Equal Protection Clause of the Fourteenth Amendment protects against arbitrary classifications by state actors. U.S. Const. amend XIV, § 1; see Personnel Adm'r v. Feeny, 442 U.S. 256, 271 (1979) (holding that the equal protection requirement "does not take from the States all power of classification"). Such classifications need only be "rationally" related to a legitimate state interest "unless a classification trammels fundamental personal rights or is drawn upon inherent suspect distinctions such as race, religion, or alienage ...." City of New Orleans v. Dukes, 427 U.S. 297, 303 (1976). Because prisoners are not a suspect class, prison regulations need only survive an inquiry into their reasonableness. See, e.g., Watts, 2007 WL 2110341, at * 3. Accordingly, plaintiff must allege facts sufficient to show that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (citing Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)). While it may be that inmates in the "4-C Inmate Workforce" housing unit do not have to pay the daily fee, there

is no allegation in the complaint that plaintiff is similarly situated to any of the inmates in that housing unit. Moreover, there is simply nothing in the complaint to suggest that the disparity in payment status between plaintiff and those inmates in the 4-C housing unit resulted from any intentional or purposeful discrimination. Accordingly, as plaintiff's allegations fail to state an equal protection claim, this claim will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Finally, plaintiff has appended a two-page letter to the instant complaint, claiming that he has received inadequate medical care in violation of the Eighth Amendment and that he was "charged for his illness." In order to state a claim under the Eighth Amendment for inadequate medical care, plaintiff must allege facts sufficient to show that defendants were deliberately indifferent to his serious medical needs. As such, plaintiff must allege facts sufficient to establish that the health care provider's actions were "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) (citations omitted). Plaintiff's letter, which asserts that unidentified members of Riverside's "nursing staff" not named as defendants failed to properly care for his diabetes, fails to state a claim of deliberate indifference. As such, it will be dismissed.

## IV. Conclusion

For the foregoing reasons, plaintiff's claims against defendants Beach and Hodge and his claims concerning the imposition of the room and board fee and plaintiff's inmate account will be dismissed with prejudice for failure to state a claim. Plaintiff's claim concerning his medical care will be dismissed without prejudice for failure to state a claim. An appropriate Order shall issue.

Entered this 29th day of February 2008.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge

8